**SO ORDERED.**

**SIGNED this 31 day of August, 2006.**



_____
**ROBERT E. NUGENT**
**UNITED STATES CHIEF BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CRAIG GABEL, | ) | Case No. 05-11125 |
| | ) | **Chapter 11** |
| **Debtor.** | ) | |
| | ) | |
| CRAIG GABEL, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | Adv. No. 06-5287 |
| | ) | |
| TERRENCE L. HUELSKAMP, | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Plaintiff and chapter 11 debtor Craig Gabel sued his estranged wife's divorce attorney, Terrence Huelskamp, in this adversary proceeding to recover funds allegedly paid to Huelskamp for attorneys fees and expenses from a fund maintained in Huelskamp's attorney trust account

1

pursuant to an interim order of the District Court of Sedgwick County, Kansas (the "Domestic Court"). Huelskamp has moved to dismiss the adversary proceeding for failure to state a claim upon which relief may be granted under Fed. R. Bank. P. 7012(b)(6) and Fed. R. Civ. P. 12(b)(6). After reviewing the parties' submissions, the Court concludes that its consideration of this motion would not be materially advanced by oral argument and Gabel's request for same is denied. For the reasons set forth below, Huelskamp's motion is GRANTED.

In the Complaint, Gabel asserts that pursuant to a temporary Domestic Court order entered on April 17, 2002, certain marital assets of Gabel's and Spicer's were to be reduced to money and deposited in Huelskamp's trust account. The state court order provided that the only funds to be paid out of the trust account were for Spicer's living and medical expenses and for attorneys fees. According to an accounting rendered by Hueslkamp in response to an order of this Court incident to administration of the chapter 11 case, Huelskamp has received some $29,637.13 for attorneys fees and expenses. Gabel asserts that this was an unlawful transfer of assets of the bankruptcy estate that he can recover in this Court.

On March 2, 2006, this Court granted stay relief to Spicer and deferred to the Domestic Court any decision to be made concerning the division of Spicer's and Gabel's property. The Court is well-aware from other proceedings in the underlying bankruptcy case that Gabel made wholesale transfers of real estate and other assets in anticipation of the divorce filing. Indeed, Gabel, as debtor-in-possession, has successfully recovered some of those transfers in another adversary proceeding for the benefit of his creditors, the principle one being Spicer.[1] The extent

---

[1] *Gabel v. Snyder, et al. (In re Gabel)*, Adv. No. 05-5810 (Bankr. D. Kan. August 16, 2006) (memorandum opinion granting judgment to debtor-in-possession, avoiding transfers and recovering property for benefit of estate).

2

to which these assets are to be divided between Gabel and Spicer remains in question, the Domestic Court having scheduled that matter for trial in October of 2006.

Huelskamp's motion proceeds on two grounds, first that Gabel's allegation of "conversion" is not well-pleaded in light of the express terms of the Domestic Court's order and, second, that ownership of the funds remains in dispute and is to be resolved by a trial in the Domestic Court per this Court's prior order. Gabel's response to these simple propositions includes averments of fact supported by an affidavit from his divorce attorney, Larry Linn, along with a number of Domestic Court pleadings concerning Huelskamp's efforts to be paid his attorneys fees in the course of the divorce case. When matters outside the pleadings are presented to a court considering a Rule 12(b)(6) motion, the Court may either exclude them or treat the motion as one for summary judgment under Rule 56. In light of certain jurisdictional considerations, the Court excludes all matters extraneous to the pleadings in this adversary proceeding.

This Court has already deferred to the Domestic Court the division of marital assets.[2] Pursuant to 28 U.S.C. § 1334(c)(1), Congress has given this Court the right to use discretionary abstention when it sees fit to do so.[3] Section 1334(c)(1) states:

> ...nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

Factors relevant in deciding whether to abstain under § 1334(c)(1) are:

---

[2] Dkt. 160.

[3] *Mills v. Mills (In re Mills)*, 163 B.R. 198, 202 (Bankr. D. Kan. 1994).

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than § 1334 (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than the form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden on the bankruptcy court's docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.[4]

Factors (1), (4), (8), (10), and (12) weigh in favor of abstaining. Having deferred the division of marital asset to the Domestic Court and until that is done, this Court is in no position to grant relief on the "conversion" claim.

Equally important here is the fact that what Gabel really seeks to do is to have this Court review, interpret and enforce the Domestic Court's order. Given that the Domestic Court order is not a final one, and that final proceedings are pending in this matter, the federal court's lumbering into this matter would be entirely contrary to the notions of comity that guide the delicate relationship of the state and federal courts under the Constitution. By lifting the stay to allow the Domestic Court to adjudicate the property division, this Court has deferred to a tribunal that is expert in that area of the law and experienced in the handling of this particular case. When the Domestic Court's work is complete, this Court will take up the balancing of debtor and creditor interests, and the distribution of debtor's property to pay his creditors' allowed claims. Just as it is the essence of the Domestic Court's work to divide assets incident

---

[4] *Id.* at 202-203, citing *In re Republic Reader's Service, Inc.*, 81 B.R. 422, 429 (Bankr. S.D. Tex. 1987).

4

to the dissolution of marriages under Kan. Stat. Ann. § 60-1601, et seq., the marshalling of assets and payment of claims is the essence of bankruptcy law.  It is a far more economical use of the parties' time (not to mention that of the respective courts) to allow the Domestic Court to divide the marital estate and the bankruptcy court to administer and disburse whatever the Domestic Court allocates to Gabel.

As a final note, if Mr. Huelskamp has violated the Domestic Court's order, a matter on which this Court tenders no opinion, the Domestic Court is eminently vested with the jurisdiction to address and remedy that situation.  The Domestic Court is the appropriate forum for any issues about Huelskamp's professional conduct or his obedience of the Domestic Court's orders.

Huelskamp's motion to dismiss is GRANTED.  This Court abstains from any further involvement in the pre-bankruptcy marriage dissolution proceedings between Gabel and Spicer pursuant to 28 U.S.C. § 1334(c)(1).  A Judgment on Decision will issue this day.

# # #

5

Case 06-05287    Doc# 14    Filed 08/31/06    Page 5 of 5